COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


VFP, INC. AND
 FEDERAL INSURANCE COMPANY
                                          OPINION BY
v.   Record No. 1191-02-3     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      NOVEMBER 26, 2002
BERLE SHEPHERD


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Robert C. Baker, Jr. (Dobbs & Baker, on
        brief), for appellants.

        (Robert B. Hines, II; Montgomery & Hines,
        PC, on brief), for appellee.  Appellee
        submitting on brief.


     VFP, Inc. (employer), contends the Workers' Compensation

Commission (commission) erred in awarding medical and temporary

total benefits to Berle Shepherd (claimant).  The sole issue on

appeal is whether credible evidence supports the commission's

finding that claimant's injury arose out of his employment.  We

affirm the commission.

                      I.  BACKGROUND

     On February 12, 2001, while claimant was assembling a

building for employer, he injured his back descending from a

scaffold on "ladder-type" steps.  The photographs admitted into

evidence establish the scaffolding to be approximately ten feet

high and accessed only by the ladder-type steps.  He carried a

remote control device either over his shoulder or in his hand.

Claimant described the steps as grated metal and approximately two feet in width.  Claimant stated, "I was bringing a wall off the wall rack and was coming down the steps and slipped and caught myself and hurt my back."  He said he did not fall, but slipped down one step.  He said he "had the [crane] control over my right . . . arm."  Claimant reported the injury to his supervisor and sought medical treatment the same day.  Claimant did not state directly that a "condition of the workplace caused his injury."[1]

Claimant treated with Dr. J. Bryston Winegar and was diagnosed with acute muscoligamentous lumbar strain.  He underwent a CT scan which showed a bulging disc at L-5, S-1 with no encroachment on the thecal sac or nerve root.  He was treated conservatively with medication and rest.  Physical therapy was prescribed but never completed.

Claimant filed a claim for benefits.  The deputy commissioner denied the claim because although the "claimant suffered an injury by accident that occurred during the course of employment, . . . we [sic] cannot find that his accident and injury arose out of the employment."

Claimant appealed, and the commission reversed the deputy commissioner's decision.  The commission found that:

---

[1] Both parties stipulated that no evidence proved the steps were defective.  Thus, the issue to be determined is whether claimant's injury was caused by a "condition of employment."

-

[h]ere, the evidence does not indicate that the claimant's activity at the time of his injury was particularly strenuous or awkward, but he was required to descend from an industrial scaffold on a steep attached ladder with a cable-attached remote on his shoulder and/or in his hand. This was a sufficiently work-related condition or exertion to fit within the standard established in Grove [v. Allied Signal, Inc., 15 Va. App. 17, 421 S.E.2d 32 (1992)], and was certainly not a "hazard to which the employee would have been equally exposed apart from his employment." United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985). Accordingly, we find that the claimant offered sufficient proof that a condition of his work or work-related exertion caused his injury by accident . . . .

Employer appealed that decision.

## II. ANALYSIS

Employer contends that no credible evidence supports the commission's finding that claimant's injury arose out of his employment. We disagree.

"On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted). "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)). "Where reasonable inferences

-

may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County School Board, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). "[The Workers' Compensation Act] has always required the claimant to carry the burden of proving, by a preponderance of the evidence, . . . an 'injury by accident' . . . arising out of and . . . in the course of, the employment." Morris v. Morris, 238 Va. 578, 584, 385 S.E.2d 858, 862 (1989).

"We have held that in order for a fall on stairs to be compensable there must either be a defect in the stairs or claimant must have fallen as a result of a condition of employment." Buchanan School Board v. Horton, 35 Va. App. 26, 29, 542 S.E.2d 783, 785 (2001) (citing Southside Virginia Training Center v. Shell, 20 Va. App. 199, 203, 455 S.E.2d 761, 763 (1995)).

Employer contends that claimant failed to establish that his fall and injury were sufficiently work related to trigger coverage because he did not, in his testimony, directly link the injury to a condition of his employment. We disagree. The commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly consider all factual evidence, from whatever source, in its decision whether or not a condition of the workplace caused the injury. As the Supreme Court stated

-

in <u>Van Geuder v. Med. Coll. of Va.</u>, 192 Va. 548, 65 S.E.2d 565 (1951), this criteria is met when the "circumstantial evidence . . . take[s] the question beyond surmise or conjecture . . . ." <u>Id.</u> at 557, 65 S.E.2d at 571, <u>cited with approval in</u> <u>Marriott Int'l v. Carter</u>, 34 Va. App. 209, 539 S.E.2d 738 (2001). "[Claimant's] evidence [must] demonstrate to the rational mind that [claimant's injury] is fairly . . . traced to [his or] her employment as the proximate cause.  That may be accomplished by circumstantial evidence . . . ."  <u>Id.</u>

In the instant case, the evidence established that claimant was not traversing "ordinary steps."  He was descending from a scaffolding approximately ten feet in height on steep, ladder-type steps.  Additionally, the steps were "straight down and he carried a remote control cable over his arm."  We agree with the commission that the analysis pertaining to ordinary steps and stairways is inapplicable to ladders or scaffolding because of the increased risks.  <u>See</u> <u>Mangum v. Mecklenburg Correctional Center</u>, VWC 192-69-05 (June 29, 1999), and <u>Hepp v. Phillip Morris USA</u>, VWC 187-72-11 (January 11, 1999).  Credible evidence supports the commission's finding that the evidence established that his fall was caused by a risk or hazard of the workplace.

For the foregoing reasons, the decision of the commission is affirmed.

<u>Affirmed.</u>

-