COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Kelsey
Argued at Richmond, Virginia


KERN MOTOR COMPANY, INC. AND
 VADA GROUP SELF-INSURANCE ASSOCIATION
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1786-02-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        FEBRUARY 4, 2003
DAVID A. BUCKLEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Iris W. Redmond (Midkiff, Muncie & Ross,
               P.C., on brief), for appellants.

               No brief or argument for appellee.


     Kern Motor Company, Inc. (employer) contends the Workers'

Compensation Commission (commission) erred in finding David A.

Buckley (claimant) proved by clear and convincing evidence that

his bilateral carpal tunnel syndrome was causally related to his

work.  For the following reasons, we affirm the commission.

                         I.  BACKGROUND

     Claimant worked as a "body man" for employer for fifteen

years.  He used hand tools as well as air tools to paint and

repair motor vehicles.  His duties were defined as follows:

          CLAIMANT:  [Y]ou get a job, and it's got the
          front end wrecked, and you've got to take
          the whole front end off.  You're constantly
          using your hands.  If you've got a dent,

───────────────

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

                    you've got to use your hands to do
                    that. . . .

                    DEPUTY COMMISSIONER:  Give me some specifics
                    as far as how you use your hands, what tools
                    you're using, how you use those.

                    CLAIMANT:  Mostly air wrenches, air chisels,
                    grinders.  Most of our tools are air.  We do
                    have quite a few hand tools, but very seldom
                    when you're working production you don't
                    make a tendency of using hand tools.  Mostly
                    it's air stuff.  When a car comes in, you're
                    hammering, beating on them.  It's like when
                    they're wrecked, you've got to put them back
                    in the proper position that they was before
                    they was wrecked, and in order to do that,
                    you've got to tear them apart and straighten
                    some stuff, put other stuff back on.

Claimant also stated that he "occasionally" worked on his own

cars.  However, this evidence showed limited exposure outside

his work.

     In November 2000, claimant first noticed numbness in his

right hand, but no diagnosis was made at that time and he

continued to perform his work.  On March 5, 2001 claimant sought

further medical treatment with his family physician, Dr. Anthony

A. Saweikis.  Dr. Saweikis diagnosed carpal tunnel syndrome and

stated further that "workmen's comp most likely [sic]."  Dr.

Saweikis advised claimant to file a workers' compensation claim.

Further testing confirmed carpal tunnel syndrome.  Claimant had

surgery on his left wrist and requires surgery on his right

wrist.

                              -

The commission found that:

> [C]laimant has established that he suffers from bilateral carpal tunnel syndrome. We further find that he has shown by clear and convincing evidence that his carpal tunnel syndrome is causally related to his work as an auto body repairman.

> *    *    *    *    *    *    *

> In short, while the claimant's evidence of causation is not clear and unequivocal, it need not meet that rigid standard. Each statement addressing causation by Dr. Saweikis, standing on its own, may not be sufficient to establish causation by clear and convincing evidence. However, when his opinions are reviewed in conjunction with all of the other facts in the case, we are convinced that causation has been established. We find that the evidence is sufficient to establish in our minds a firm belief that the claimant's carpal tunnel syndrome was caused by his work for the employer.

Employer appealed that decision.

## II.  ANALYSIS

Employer contends that no credible evidence supports the commission's finding that claimant proved, by clear and convincing evidence, that his bilateral carpal tunnel syndrome arose out of his employment. We disagree.

"On appeal, we view the evidence in the light most favorable to the claimant, who prevailed before the commission." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998) (citations omitted). "'Decisions of the commission as to questions of fact, if supported by credible

-

evidence, are conclusive and binding on this Court.'" WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)). "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County School Board, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). "The commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly consider all factual evidence, from whatever source, whether or not a condition of the workplace caused the injury." VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2002). "[T]he appellate court does not retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Code § 65.2-400(C) provides that carpal tunnel syndrome is an "ordinary disease of life as defined in [Code] § 65.2-401." Code § 65.2-401 provides in pertinent part:

> An ordinary disease of life to which the general public is exposed outside of the employment may be treated as an occupational disease . . . if each of the following elements is established by clear and convincing evidence, (not a mere probability):

-

1.  That the disease exists and arose out of and in the course of employment as provided in § 65.2-400[1] with respect to occupational diseases and did not result from causes outside of the employment, and

2.  That one of the following exists:

a.  It follows as an incident of occupational disease as defined in this title; or

b.  It is an infectious or contagious disease . . . ; or

---

[1] Code § 65.2-400(B) provides:

A disease shall be deemed to arise out of the employment only if there is apparent to the rational mind, upon consideration of all the circumstances:

1.  A direct causal connection between the conditions under which work is performed and the occupational disease;

2.  It can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment;

3.  It can be fairly traced to the employment as the proximate cause;

4.  It is neither a disease to which an employee may have had substantial exposure outside of the employment, nor any condition of the neck, back, or spinal column;

5.  It is incidental to the character of the business and not independent of the relation of employer and employee; and

6.  It had its origin in a risk connected with the employment and flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction.

-

> c.  It is characteristic of the employment
> and was caused by conditions peculiar to
> such employment.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing.  The testimony of a claimant may also be considered in determining causation, especially where the medical testimony is inconclusive."  Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 152 (1996) (internal citations omitted).

> Clear and convincing evidence has been
> defined as that measure or degree of proof
> which will produce in the mind of the trier
> of facts a firm belief or conviction as to
> the allegations sought to be established.
> It is intermediate, being more than a mere
> preponderance, but not to the extent of such
> certainty as is required beyond a reasonable
> doubt as in criminal cases.  It does not
> mean clear and unequivocal.

Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (internal quotation and citation omitted) (emphasis in original).

The commission reviewed the medical reports and found that Dr. Saweikis was "reasonably certain that the claimant's suspected carpal tunnel syndrome was due to his work as an auto body repairman" and that his findings were "corroborative of the claimant's own testimony."  While claimant's other doctors did not specifically address the source of claimant's carpal tunnel syndrome, this did not "undermine the other evidence of

-

causation in the record."  No evidence established any source other than his work as the causative agent.

Therefore, we hold that credible evidence supports the commission's findings that claimant established by clear and convincing evidence that his carpal tunnel syndrome arose out of and in the course of his employment as an auto body repairman for fifteen years and that his injury did not result from causes outside his employment.  For the foregoing reasons, the decision of the commission is affirmed.

<u>Affirmed</u>.

-