COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


BASEMENT WATERPROOFING & DRAINAGE
 AND COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURED, LANDIN, INC.

OPINION BY
v.      Record No. 3171-03-4      CHIEF JUDGE JOHANNA L. FITZPATRICK
JUNE 15, 2004
JOHN ERIC BELAND


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

R. Ferrell Newman (Thompson, Smithers, Newman, Wade &
Childress, on brief), for appellants.

Andrew S. Kasmer (James I. McAuley; Chasen & Boscolo, Chtd.,
on brief), for appellee.


Basement Waterproofing & Drainage (employer) contends the Workers' Compensation

Commission (commission) erred in awarding medical and temporary total benefits to John Eric

Beland (claimant). The sole issue on appeal is whether credible evidence supports the

commission's finding that claimant's injury arose out of his employment. We affirm the

commission.

I. BACKGROUND

"On appeal, we view the evidence in the light most favorable to the claimant, who

prevailed before the commission." Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508

S.E.2d 335, 340 (1998) (citations omitted). On September 30, 2002, claimant was working

inside a pre-cast concrete stoop that measured four feet wide by ten to fifteen feet long and had

an eight-foot high sub wall. His job was to apply tar and sealant to holes while standing on a

portion of ladder that had been dropped into a hole under the stoop. He held a bucket of tar that

weighed between 20 and 30 pounds in one hand and wore a rubber glove on the other which he used to smear tar on the holes in the walls. He could not hold onto the ladder for support because both hands were occupied by his work tasks. Claimant testified:

> I was tarring the wall, and I was almost done, and I was coming up the ladder. I was almost to the top of the ladder. I had a five gallon bucket in my hand, got the tar glove in the one hand, and I'm kind of like – got myself balanced against the ladder because you can't really hold onto it. I was towards the end, and the last thing I remember I woke up in an ambulance . . . . I was towards the top of the ladder so I was at least 8 foot. . . . [B]ut the ladder was short from the top of the wall so you had to precarious [sic] yourself on top of the wall. I know I didn't make it to the top of the wall. I was almost there, but I wasn't trying to climb out of the hole . . . .

When counsel asked claimant about the mechanics of reaching a hole to apply the tar prior to his fall, claimant responded, "[I]t was to one side stretching out. . . . About half my body [sic]." He fell and woke up in the ambulance on the way to the hospital. He told the doctor and an accident investigator he did not remember what happened at the exact moment of his fall. There were no witnesses to the accident. Claimant was diagnosed with a closed head injury, cervical strain, a forehead laceration, fractures of T4, T5 and T9, lumbar strain and closed blunt chest trauma. Claimant's injuries and length of disability are not disputed.

The deputy commissioner found that:

> [C]laimant testified he was in a small enclosed area standing on a ladder. He was holding tar in one hand and utilizing the other to apply it. He was unable to hold onto the ladder because of the necessity of using both hands in the application of the tar. He testified he had to reach out to apply the tar. He recalled engaging in these activities although he did not recall any subsequent event including the fall itself. We conclude that the only reasonable inference to draw from these circumstances was that the claimant lost his balance. Because he was on a ladder in a somewhat awkward position, we conclude that the loss of balance resulted from a risk of employment and that the claimant therefore sustained a compensable injury by accident.

Employer appealed. The commission agreed with the deputy commissioner's findings and affirmed his decision. The commission analyzed several factually comparable cases[1] and found that "the employee established the 'critical link' between the accident and [his] employment, reasoning that 'the only logical explanation for [the fall] is a connection between the [work activity] and the resulting . . . fall.'"

Employer appealed that decision.

## II. ANALYSIS

Employer contends that no credible evidence supports the commission's finding that claimant's injury arose out of his employment. We disagree.

> When there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation, as a result of the exposure occasioned by the nature of the employment, then it arises out of employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant.

Central State Hospital v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 259 (1985). See also Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938); In re McNicol, 215, 102 N.E. 697, 697 (Mass. 1913).

---

[1] See Nichols v. Hardee's, 76 OWC 428, 432 (1997) (evidence of grease on shoes and wet ramp was enough circumstantial evidence to connect claimant's fall to her employment); Phansond v. The Alexandria Hospital, 76 OWC 379, 384 (1997) (evidence claimant was wearing hospital booties without tread at the time of her fall was enough circumstantial evidence to connect the fall to her employment); Byam v. North Star Constr. Corp., VWC File No. 196-32-14 (2001), rev'd on other grounds, Record No. 2783-02-1 (Va. Ct. App. April 18, 2003) (evidence claimant was working in a safety harness on a bridge 25 feet above the ground was enough circumstantial evidence to connect claimant's fall to his employment).

"[The causative danger] need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." Bradshaw, 170 Va. at 335, 196 S.E. at 686.

"[The Workers' Compensation Act] has always required the claimant to carry the burden of proving, by a preponderance of the evidence, . . . an 'injury by accident' . . . arising out of and . . . in the course of, the employment." Morris v. Morris, 238 Va. 578, 584, 385 S.E.2d 858, 862 (1989). "[Claimant's] evidence [must] demonstrate to the rational mind that [claimant's injury] is fairly . . . traced to [his or] her employment as the proximate cause. That may be accomplished by circumstantial evidence . . . ." Van Geuder v. Med. Coll. of Va., 192 Va. 548, 557, 65 S.E.2d 565, 571 (1951). See also VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2003). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing." Montague v. Commonwealth, 40 Va. App. 430, 439, 579 S.E.2d 667, 671 (2003) (citing Stamper v. Commonwealth, 220 Va. 260, 272, 257 S.E.2d 808, 817 (1979)). "Any fact which may be proved with direct evidence also may be established with circumstantial evidence." Cason v. Commonwealth, 32 Va. App. 728, 736, 530 S.E.2d 920, 924 (2000) (internal citations omitted).

The commission's factual findings include the following:

> Here, the claimant was working in a confined area, eight feet down in a hole, standing on a ladder, leaning over to put tar on walls. He said that he could not hold onto the ladder because he was holding the bucket of tar with one hand and had a tarring glove in the other hand. He had to balance himself on the ladder. Therefore, the only reasonable inference to draw from these circumstances is that the claimant lost his balance, causing him to fall and injure his back. This case is distinguishable from Harris because this situation was "uniquely dangerous" and not something that would "routinely be encountered" by anyone.

"'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494

S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991)). "The commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly consider all factual evidence, from whatever source, in its decision whether or not a condition of the workplace caused the injury." VFP, Inc., 39 Va. App. at 293, 572 S.E.2d at 512.

Employer contends that the commission applied a presumption in ruling for the claimant and that this case is controlled by the Supreme Court's holding in Pinkerton's Inc. v. Helmes, 242 Va. 378, 410 S.E.2d 646 (1991), which rejected a presumption in an unexplained accident where death did not occur. We disagree with each of the employer's positions.

Employer incorrectly contends that the commission applied a presumption when it decided claimant's injury arose out of and in the course of his employment. On the contrary, the commission, in reviewing the applicable law, specifically articulated the proper legal standard and rejected any presumption analysis. The commission very clearly explained that it was drawing reasonable inferences from the evidence. Furthermore, it has long been established that the commission is authorized to do precisely that. See American Furniture Co. v. Graves, 141 Va. 1, 9, 126 S.E. 213, 215 (1925) (cautioning that "[I]t must . . . be remembered that the Commission is empowered to draw reasonable inferences from proper testimony introduced."). Equally well established is the principle that "[w]here reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County School Board, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

The employer's reliance on Pinkerton's is misplaced. While the claimant here did not specifically describe the last discrete event on the ladder that caused his fall, this accident was not unexplained. In Pinkerton's, Helmes, the claimant, left her job site at 7:00 a.m. and was

found later that morning in her wrecked car on the road between the job site and the public highway. Helmes suffered brain damage and was unable to recall any of the details of the accident. The Supreme Court held:

> To qualify for workers' compensation benefits, an employee's injuries must result from an event "arising out of" and "in the course of" the employment. A "*critical link*" must exist between the conditions of the workplace and the injury to qualify as "arising out of" the employment. In this case, the cause of Helmes's accident is unknown. . . .

Pinkerton's, 242 Va. at 380-81, 410 S.E.2d at 647-48 (citations omitted) (emphasis added).

In the instant case, the commission properly inferred from the evidence, both circumstantial and direct, that claimant's injury arose out of his employment. "The commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal." Southside Virginia Training Ctr./Commonwealth of Virginia v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). In its decision, the commission found that the "critical link" between the conditions of the workplace and the injury that was missing in Pinkerton's was established by the evidence here. Indeed, the evidence showed that claimant was in a confined space, near the top of a ladder. His duties required him to stretch half the length of his body away from the ladder to apply the tar. He was unable to hold on to the ladder for support because he had a 20 to 30 pound bucket of tar in one hand and a glove to apply the tar on the other. Prior to his fall, he was "to one side stretching out . . . half his body" from the ladder. Ladders, in and of themselves, are dangerous, and accidents involving ladders cannot be properly evaluated without taking into consideration the increased risk. See VFP, Inc., 39 Va. App. at 293, 572 S.E.2d at 512. While claimant did not recall the specific moment of falling, he described his actions and locations immediately before the fall in detail. That evidence, combined with the other circumstances, created the "critical link" between claimant's employment, his fall and resulting injury.

- 6 -

Employer also relies on PYA/Monarch v. Harris, 22 Va. App. 215, 468 S.E.2d 688 (1996), to buttress its argument. In that case, a truck driver reached for a grab bar on the side of his truck and later woke up on the pavement beside his truck. The weather conditions at the time were freezing rain and ice. We held:

> [C]laimant's fall was an unexplained accident. The commission was "persuaded" that the icy condition and design of the truck cab caused claimant's fall, but no credible evidence supports this finding. The mere fact that the truck cab was icy or that the cab was seven feet from the ground is insufficient to establish the basis for the fall. Claimant could not recall any details of the accident, and the last thing he remembered was reaching for the grab bar on the side of the truck cab. He never testified that he slipped or tripped on one of the ladder rungs, or that he lost his grip on the grab bar. . . . Thus, claimant failed to prove the requisite causal connection between his employment and his fall.

Id. at 224, 468 S.E.2d at 692. The driver's position, seated in the cab of his truck reaching for the grab bar, did not present a uniquely dangerous situation not routinely encountered by any truck drivers. He could not state that the icy weather conditions caused him to slip or whether he had even stepped from the cab of the truck prior to his fall. He could not describe in any greater detail his activities prior to his fall. Thus, he failed to establish a "critical link" between his employment and the fall.

The commission in this case correctly ruled that "[t]his case is distinguishable from Harris because this situation was 'uniquely dangerous' and not something that would 'routinely be encountered' by anyone." We agree with the commission that the evidence was sufficient to support the reasonable inference that the only rationale for claimant's fall and injury was that his fall was caused by a risk or hazard unique to his workplace and not one generally available to the public.

For the foregoing reasons, we affirm the decision of the commission.

Affirmed.

- 7 -

McClanahan, J., dissenting.

I see no appreciable distinction between this case and <u>PYA/Monarch v. Harris</u>, 22 Va. App. 215, 468 S.E.2d 688 (1996).  I therefore respectfully dissent.