COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Salem, Virginia


COUNTY OF WASHINGTON SOCIAL SERVICES AND
  VIRGINIA MUNICIPAL GROUP
  SELF-INSURANCE ASSOCIATION
                                                      MEMORANDUM OPINION* BY
v.        Record No. 3176-06-3                CHIEF JUDGE WALTER S. FELTON, JR
                                                          NOVEMBER 13, 2007
BETTY SEVERT ROUSE


                  FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Richard D. Lucas (Lucas Law Firm, PLC, on brief), for appellants.

            D. Edward Wise, Jr. (Arrington, Schelin & Herrell, P.C., on brief),
            for appellee.


        The County of Washington Social Services and the Virginia Municipal Group

Self-Insurance Association (collectively "employer") appeal a Workers' Compensation

Commission ("commission") decision finding that Betty Severt Rouse ("claimant") suffered a

compensable injury in October 2005.  Employer argues that the commission erred in finding that

claimant's injury arose out of her employment when she suffered a fall while entering her place

of employment.  For the following reasons, we reverse the commission's decision.

                                         I.  BACKGROUND

        Well established principles require us to view the evidence in the record in the light most

favorable to the claimant, the prevailing party below.  Boys and Girls Club of Virginia v.

Marshall, 37 Va. App. 83, 85, 554 S.E.2d 104, 105 (2001).  So viewed, the evidence established

that on October 11, 2005, claimant fell while entering employer's Bristol offices to begin her

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

workday. The entrance was for employees only, and not for public use. Claimant worked on the same floor of the same building for some twelve years. On the day of her accident, she entered her place of employment by pulling open a heavy, controlled closure door, and stepped into employer's office suite, where she fell, breaking her right humerus bone.

Just outside employer's office suite, the building's common area consisted of a tile floor. Just inside the suite, the floor was covered by a carpet. The interior carpet was approximately one-quarter inch higher than the tiled floor. Inside the office suite, a small rug had been placed, for some period of time, on top of the carpet near the entrance. That small rug was carpeted in the middle, and surrounded by a rubber border. Claimant testified that she "ha[d] straightened it numerous times" over twelve years, because "it work[ed] itself up from traffic on it."

Immediately following her fall, claimant stated she did not know why she fell, or the precise sequence of her fall. In a taped interview[1] with employer's representative, conducted seven days after the accident, employer's representative asked her how the fall occurred:

> Q: So, you know you were coming in through the door. And you
> said that you-you just, you don't know whether your – What you
> told me earlier was you said you don't know if you, um, tripped
> or-or what happened.
>
> [Claimant]: No. I really don't.
>
> Q: All right, well—
>
> [Claimant]: If it was the rug, uh. There's a rug there. Uh, there's
> a door facing. I just don't know.
>
> Q: Okay.
>
> [Claimant]: Or if the door hit me. I just don't know.

---

[1] At the hearing before the deputy commissioner, claimant testified that she was in great pain and taking medication when she participated in this interview and that her condition impaired her ability to answer the interviewer's questions.

Claimant filed a claim seeking lifetime medical benefits, temporary total disability benefits from October 11, 2005 through January 16, 2006, and temporary partial disability benefits from January 17, 2006 through March 20, 2006. Employer denied her claim on the grounds that her injury did not "arise out of" her employment as required by the Virginia Workers' Compensation Act ("Act"), asserting that her injury resulted from an unexplained accident. Claimant appealed employer's denial of benefits to the commission.

At the deputy commissioner's hearing, claimant testified that she broke her right humerus bone when her upper arm struck a wooden table as she fell. No one testified to seeing claimant fall, and she was unaware of anyone seeing the fall occur. She testified that she was "pretty sure" that, on the day of her accident, the employee's entrance door "knocked [her] into the rug." She stated that she had "a huge bruise on the back of [her] shoulder and down [her] back" and that it was "[p]ossibly the door or either the table, the floor, whenever [she] landed, but [she thought] it was the door" that caused the bruise.

Claimant testified that, on prior occasions, she had "seen [the rug placed on top of the interior carpet] rolled up" and that "[she had] straightened it out, and [she knew] a lot of people that [had] stumbled on it." She also testified, however, that "no one in that agency had actually fallen before" as a result of tripping over that rug. Asked if she recalled getting her foot tangled in the rug, claimant answered, "[n]ot in the split second that it happened."

Claimant did not testify that the rug was "rolled up" on the morning of her accident. When asked how certain she was that she had tripped over the rug, she responded, "I'd say 95 percent," because "that's the only logical reason to have landed in the floor." She also testified that she did not "see that there is any other reason" why she fell on the floor and that she knew the rug was the cause of her fall because "the rug [was] there and [she knew] the history of the rug."

The deputy commissioner found that claimant sustained an "injury by accident which 'arose out of' [her] employment," and awarded her benefits. The deputy commissioner specifically found that, although claimant initially was uncertain about the "mechanism of her fall," she had consistently maintained that she "tripped going into the office." The deputy commissioner concluded that claimant's determination that she tripped over the rug "sufficiently identified an increased risk of the employment, i.e.[,] the rug, as the cause of her fall."

On review, the full commission affirmed the deputy commissioner's award of benefits, concluding that "claimant produced sufficient evidence from which [the commission could] infer the ['buckled' rug] was the cause of the claimant's fall and injury."[2] This appeal followed.

## II. ANALYSIS

The sole issue on appeal is whether claimant's injury arose out of her employment. Under the Act, a claimant bears the burden of proving by a preponderance of the evidence that she "'suffered an injury by accident arising out of and in the course of the employment.'" Virginia Employment Commission/Commonwealth v. Hale, 43 Va. App. 379, 384, 598 S.E.2d 327, 329 (2005) (quoting Code § 65.2-101). "Arising out of" and "in the course of" are separate and distinct requirements. Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997) (*en banc*). "The phrase 'in the course of' refers to the time, place and circumstances under which the accident occurred." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). Employer does not dispute that claimant sustained an injury in the course of her employment.

"The phrase arising 'out of' refers to the origin or cause of the injury." Johnson, 237 Va. at 183, 376 S.E.2d at 74. To determine whether the cause of the injury is work-related, we apply

---

[2] The commission used the word "buckled" to describe the rug at the time of claimant's fall. Claimant testified that she had *previously* seen the rug "rolled up" or "worked up."

- 4 -

the actual risk test, "that the employment must expose the employee to the particular danger causing the injury notwithstanding the public exposure to similar risks." Combs v. Virginia Elec. & Power Co., 259 Va. 503, 510, 525 S.E.2d 278, 282 (2000) (citing Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972)). Thus, the actual risk test "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from employment." Id. at 509, 525 S.E.2d at 282; see Pinkerton's Inc. v. Helmes, 242 Va. 378, 380-81, 410 S.E.2d 646, 647-48 (1991) (holding "a 'critical link' must exist between the conditions of the workplace and the injury . . . "). A claimant, however, need not "recall the specific moment of [the accident]." Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 360, 597 S.E.2d 286, 290 (2004) (commission's finding of compensable injury affirmed where evidence supported inference that employee fell from ladder while performing work task).

Whether an employee's work-related injury arises out of her employment "involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001). "'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" Beland, 43 Va. App. at 358, 597 S.E.2d at 289. The commission is authorized to draw reasonable inferences from the evidence, id., and on appeal, we will not disturb reasonable inferences drawn by the commission from the facts proven by the evidence presented. See Beland, 43 Va. App. at 360-61, 597 S.E.2d at 290; K & G Abatement Co. v. Kiel, 38 Va. App. 744, 758-60, 568 S.E.2d 416, 423-34 (2002) (commission's finding of compensable injury affirmed where evidence supported inference that employee fell from rooftop worksite); Thomas Nelson Ltd. P'ship v. Fritz, 11 Va. App. 269, 273, 397 S.E.2d 891, 894 (1990) (commission's finding of compensable injury affirmed where evidence supported inference that employee was

- 5 -

injured while ejecting vagrant from employer's hotel). A reasonable inference, however, may be drawn only from "facts which are proved in a case 'in the same manner as if they were the very facts at issue.'" Chesapeake & Ohio Ry. v. Ware, 122 Va. 246, 257, 95 S.E. 183, 187 (1918) (holding inference that train passing area, once established as proven fact, was proper basis for further inference that train set fire as it passed).

Here, the commission concluded from the evidence that a "work-related causative hazard," which it described as a "buckled" rug, caused claimant to trip and fall, resulting in her injury.[3] To do so, it was necessary for it first to infer that the rug was not lying flat when claimant walked through the employee entrance on the morning of her accident, a fact not supported by the evidence in the record. The only evidence supporting the commission's finding, that the rug was "buckled," was claimant's testimony that she had *previously* seen the carpet "rolled up" or "worked up." Claimant's testimony, however, did not establish that the rug was "rolled up" on the day of her accident.

Her testimony did establish that, at the time of her accident, she did not know what caused her to fall. More than a week after the fall, she first asserted that she must have tripped over the rug. This determination is not supported by the record.

Despite claimant's testimony that she later became "95 percent" certain that she tripped over the rug, that conclusion was based solely on her conjecture of how she fell. She concluded

---

[3] In support of its decision, the commission cited two memorandum opinions from this Court, neither having precedential value. See Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987) (unpublished memorandum opinions should not be cited or relied upon as precedent except for purpose of establishing res judicata, estoppel, or law of case). Each of those cases involved a claimant's slipping on a substance on the floor where the nature of the substance, not its existence, was the determining factor.

that the rug was "the only logical reason [she could] have landed in the floor."[4]  We cannot glean from this record that claimant's belief that she must have tripped over the rug, whether or not it was lying flat at the time, is supported by the evidence.  See, e.g., Central State Hosp. v. Wiggers, 230 Va. 157, 160, 335 S.E.2d 257, 259 (1985) (non-compensable injury where employee clerk twisted her ankle walking normally down employer's hallway); Richmond Mem. Hosp. v. Crane, 222 Va. 283, 286, 278 S.E.2d 877, 879 (1981) (non-compensable injury where employee nurse tore muscle in her leg while walking normally).

The evidence in the record does not establish whether the small rug was "rolled up," or even whether she tripped over that rug.  Concluding that this record fails to prove that claimant's injury was caused by a condition of her workplace under the actual risk test, we reverse the commission's award.

Reversed.

---

[4] Similarly, claimant testified that she did not "see that there [was] any other reason" for her to have fallen and that despite her uncertainty of the exact cause, "something in that building caused" her to fall.