COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


HAMPTON HOLIDAY INN AND
  FIREMAN'S FUND INSURANCE COMPANY
                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2978-07-1                JUDGE ROBERT J. HUMPHREYS
                                                           JUNE 24, 2008
SANDRA B. PEARSON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Daniel E. Lynch (John T. Cornett, Jr.; Williams & Lynch, on briefs),
            for appellants.

            Gregory E. Camden (Charlene A. Morring; Montagna, Klein,
            Camden, LLP, on brief), for appellee.


        Hampton Holiday Inn and Fireman's Fund Insurance Company (collectively,

"employer") appeal from a decision of the Workers' Compensation Commission ("the

commission") awarding benefits to Sandra R. Pearson ("Pearson").  The sole issue on appeal is

whether the commission erred in holding that Pearson's injuries arose out of her employment.

For the following reasons, we affirm the decision of the commission.

        "'Decisions of the commission as to questions of fact, if supported by credible evidence,

are conclusive and binding on this Court.'"  WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494

S.E.2d 147, 152 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409

S.E.2d 824, 826 (1991)).  "By statute, the commission's factual findings are conclusive and

binding on this Court when those findings are based on credible evidence."  City of Waynesboro

v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008).  This is so, "despite the fact that

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

there may be evidence to support a contrary finding." Hoffman v. Carter, 50 Va. App. 199, 209, 648 S.E.2d 318, 323 (2007). "[W]e defer to the commission's assessment of the 'probative weight' of the proffered evidence, and we recognize that the commission 'is free to adopt that view which is most consistent with reason and justice.'" Griffin, 51 Va. App. at 313, 657 S.E.2d at 784 (quoting Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000)). "The commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim." VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2002).

In order for an injury to be compensable under Virginia's Workers' Compensation Act, the claimant must prove by a preponderance of the evidence that the injury arose "out of and in the course of the employment." Marketing Profiles v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (*en banc*). Employer does not contest that Pearson's injury occurred in the course of employment. Employer argues only that the commission erred in holding that Pearson's injury arose out of her employment. Employer reasons that, because Pearson cannot explain exactly how she fell, the evidence was insufficient as a matter of law to prove that her fall arose out of her employment.

"The mere fact that an employee was injured at work is not enough to show that his injury arose out of his employment." Griffin, 51 Va. App. at 313, 657 S.E.2d at 784. Furthermore, when an employee survives, but cannot explain his workplace injury, there is *no* presumption that the injury arose out of his employment. See Pinkerton's Inc. v. Helmes, 242 Va. 378, 381, 410 S.E.2d 646, 648 (1991). "A 'critical link' must exist between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." Pinkerton's, 242 Va. at 380, 410 S.E.2d at 647.

In <u>Basement Waterproofing v. Beland</u>, 43 Va. App. 352, 597 S.E.2d 286 (2004), an employee was working high atop a ladder applying tar and sealant to holes in a wall. As he worked, he carried a twenty to thirty-pound bucket in one hand and a glove he used to smear the tar in his other hand, preventing him from holding onto the ladder. The employee described balancing near the top of the ladder, and then, the next thing he remembered, he woke up in an ambulance having apparently fallen off the ladder. "When counsel asked claimant about the mechanics of reaching a hole to apply the tar prior to his fall, claimant responded, '[I]t was to one side stretching out. . . . About half my body [sic].'" <u>Id.</u> at 355, 597 S.E.2d at 287. In affirming the commission's award, we held that "[w]hile claimant did not recall the specific moment of falling, he described his actions and locations immediately before the fall in detail. That evidence, combined with the other circumstances, created the 'critical link' between claimant's employment, his fall and resulting injury." <u>Id.</u> at 360, 597 S.E.2d at 290.

We recently reaffirmed <u>Beland</u> in <u>Turf Care, Inc. v. Henson</u>, 51 Va. App. 318, 657 S.E.2d 787 (2008). In <u>Turf Care</u>, we explained that when a claimant offers "testimony describing in detail the circumstances leading up to and at the time of claimant's fall," the commission, "as fact finder, [can] draw reasonable inferences as to how the accident occurred." <u>Id.</u> 51 Va. App. at 327, 657 S.E.2d at 791. From those inferences, the commission may conclude that "claimant established the critical link between the conditions under which his work was required to be performed and his injury." <u>Id.</u>

Here, like the claimants in <u>Beland</u> and <u>Turf Care</u>, Pearson was able to describe the circumstances that immediately surrounded her fall. At the time of her accident, Pearson was hurrying in order to serve one of employer's customers and avoid leaving employer's new employee alone at the front desk. Pearson described in her testimony the dim, varied lighting throughout the hotel that was "very, very bad" for her. When she fell, she was stepping from a

- 3 -

dimly lit hallway into the dark night sky and from the interior flooring of the hotel onto "rough," "jagged" concrete. From Pearson's description of the events immediately preceding her fall and the circumstances surrounding the fall, the commission was able to draw a reasonable inference as to how the fall occurred, creating the "critical link" between Pearson's employment and her fall. That critical link justified the commission's holding that Pearson's fall arose out of her employment.

Employer argues that this case is controlled by PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 222, 468 S.E.2d 688, 691 (1996). However, as we recently explained in Griffin, PYA/Monarch is not directly applicable in this type of case:

> [In PYA/Monarch,] [t]he commission [] improperly applied the increased risk analysis applicable in idiopathic fall cases to an unexplained fall scenario. Thus, PYA/Monarch involved a different error of law than that asserted by the employer in this case: the commission's improper conflation of the doctrine of idiopathic falls (falls resulting from a pre-existing medical condition of the claimant compensable only when the conditions of the workplace aggravate the claimant's injury) and the doctrine of unexplained falls.

51 Va. App. at 317, 657 S.E.2d at 786 (citation omitted). Here, the only issue is whether the evidence is sufficient to support the commission's finding that Pearson's fall arose out of her employment. PYA/Monarch involved a different issue and, thus, is not applicable in this case.

Credible evidence, and reasonable inferences drawn from that evidence support the commission's finding that "a combination of factors" contributed to Pearson's fall. Those circumstances – the lighting, the hurrying and the rough concrete – create the "critical link" that permitted the commission to hold that Pearson's fall arose out of her employment.

- 4 -

Based on the foregoing, we hold that the commission did not err in holding that Pearson's injuries arose out of her employment. Therefore, we affirm the commission's decision.

<u>Affirmed.</u>