COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Coleman
Argued at Richmond, Virginia

VIRGINIA TREE HARVESTERS, INC. AND
  COMPANION PROPERTY &
  CASUALTY INSURANCE COMPANY

                                                                OPINION BY
v.        Record No. 0600-13-2                       JUDGE ROBERT P. FRANK
                                                                NOVEMBER 12, 2013

GEORGE W. SHELTON


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Angela F. Gibbs (Midkiff, Muncie & Ross, P.C., on briefs), for
            appellants.

            Timothy J. Healy (Law Office of Timothy J. Healy, on brief), for
            appellee.


        Virginia Tree Harvesters, Inc. and Companion Property & Casualty Insurance Company

(collectively employer), challenge the decision of the Workers' Compensation Commission

(commission) which found George W. Shelton (claimant), suffered a compensable injury by

accident arising out of and in the course of his employment.  Specifically, employer contends the

accident was unexplained and the commission speculated as to the cause of the accident.

Further, employer assigns error to the commission's failure to accept the testimony of David

Joslin as to the reason the rear window of the equipment was removed.  For the reasons stated,

we affirm the decision of the commission.

                                                BACKGROUND

        "[O]n appeal, we view the evidence in the light most favorable to the claimant, [as the

party] who prevailed before the commission."  Basement Waterproofing & Drainage v. Beland,

43 Va. App. 352, 354, 597 S.E.2d 286, 287 (2004) (quoting Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 672, 508 S.E.2d 335, 340 (1998)).

On March 29, 2004, claimant, a logger, was operating a skidder, a machine used to lower logs into trucks for removal from the site. Located at the rear of the skidder is a grabber (grapple). Facing the front of the skidder, the operator must turn around to see the grabber. The grabber was controlled by knobs that move back and forth or side to side. Different knobs control extending the grabbers, opening them and letting them down and lifting the logs. On the day of the accident, the grabbers were not working properly. The malfunctioning grabbers had been responsible for damage to the window. As a result of the logs not being fully secured, the logs would swing from side to side. Several days before the accident, the window was removed because swinging logs scratched the window. Claimant testified there were blind spots when looking through the rearview mirror. If the operator is looking to the rear while sitting in the seat, he is able to see the arm of the grabber, but "you can't see everything."

Claimant acknowledged he did not know what caused the accident, nor did he have any recollection of the events of that day. There were no witnesses to the actual accident. Claimant sustained injuries to his brain, right shoulder, lung, neck, scalp, and left rib.

Willie Smith, claimant's co-worker, testified that earlier on the morning of the accident, he saw claimant operating the skidder. When Smith later approached the machine, he saw claimant slumped over the steering wheel and a "tree was coming through the back of the skidder - - the butt end of the tree" came through the back of the window. The tree was six to eight inches wide. The window had been removed several days earlier because it was "all scratched up" and one could not see through it.

David Joslin, the owner of Virginia Tree Harvesters, was working with claimant on the day of the accident and noticed the skidder had not moved "for a couple of minutes." He saw

claimant unconscious and saw a tree that had penetrated the back window of the skidder. He further indicated claimant had been operating the skidder prior to the discovery of claimant's unconscious body. Joslin indicated the rear window was removed because "it was just an old piece of plastic and the visibility was weak." He testified the glass was faded from sunlight and was very opaque. He denied the grabber was not functioning properly.

Joslin further testified that claimant had a history of sleeping on the job, causing Joslin to believe claimant was sleeping when he first noticed claimant slumped over the wheel. Joslin disputed claimant's testimony that visibility was limited because of the "blind spots," indicating there was no problem with seeing the grabber and the logs. Joslin did not dispute that claimant was hit by one of the logs.

Joslin indicated in the employer's First Report of Injury form, in describing how the injury occurred, that "injured worker was backing up skidder and limb entered back of machine and struck him in head, neck and chest."

In his Supplemental Answer to Interrogatories, Joslin stated that claimant was backing up with the skidder in an improper manner and that he was not looking behind him. He testified that claimant "continued to reverse into the pile, apparently attempting to force the log onto it. In doing so, the log wedged at the bottom, slipped through the grapples, continuing upward until it entered the cabin . . . ." At the hearing, Joslin acknowledged that he had recently sworn, under oath, to the "accuracy of all of these answers to interrogatories."[1]

---

[1] Joslin challenged only the accuracy of the interrogatory answer that said the tree was twelve to fourteen inches in diameter.

PROCEDURAL BACKGROUND

Claimant filed a claim for benefits on March 28, 2006, alleging an injury by accident on March 29, 2004. Employer defended, among other grounds, that claimant sustained an unexplained accident.

By review opinion dated April 9, 2008, the full commission found claimant's accident was not unexplained and that it was attributable to a risk of employment and thus compensable. The commission reversed the deputy commissioner's opinion and remanded the matter to the deputy "for a finding regarding disability and entitlement to benefits."

Following that opinion, an appeal was taken to this Court. This Court found the April 9, 2008 opinion was not an appealable final decision of the commission and thereby dismissed the appeal without prejudice.

The deputy then conducted the remand hearing and in its opinion of April 18, 2012, found claimant was entitled to temporary partial disability compensation.

Both claimant and employer sought review by the full commission.

The commission held that its April 9, 2008 opinion finding that claimant's accident arose out of and in the course of employment was the law of the case and not subject to further decision.[2] The commission then concluded, "Whether the law of the case doctrine is binding on us or not, we find no purpose would be served by reconsidering our prior decision in this matter. For the reasons stated in our prior opinion, we summarily adopt and affirm our finding that the

---

[2] Pursuant to the "law of the case" doctrine, when a party fails to challenge a decision rendered by a court at one stage of litigation, that party is deemed to have waived his or her right to challenge that decision during later stages of the "same litigation." Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26, 661 S.E.2d 822, 826 (2008). The "law of the case" doctrine applies only in the case of a final, unappealed order. See Norris v. Mitchell, 255 Va. 235, 240, 495 S.E.2d 809, 812 (1998) (holding that when an unappealed decree becomes "the final order . . . and the law of this case . . . we treat the order as correctly entered"). In this case, we need not decide whether the doctrine applies, because the commission adopted its earlier ruling.

claimant's accident arose out of his employment." The commission then addressed claimant's disability award, which is not part of this appeal.

In its original April 9, 2008 review opinion, the commission concluded:

> The claimant does not recall what happened to cause the accident, but there is direct as well as circumstantial evidence to meet his burden of proof. There is evidence from Mr. Joslin and Mr. Smith that the claimant was operating a skidder at the time of the accident. There is direct evidence that a tree limb entered the cab of the skidder and struck the claimant. The owner had the tree cut and removed to extract the claimant. The window through which the tree entered had been removed. There is evidence that the window was removed because the trees were hitting and scratching the Plexiglass. Mr. Joslin's testimony is not persuasive that the window was merely faded. There is evidence that the tree caused significant injuries to the claimant.
>
> The conditions under which the work was performed required the claimant to move trees which came into contact with the window of the cab. Being hit by a tree is a natural incident of this type of work. It is certainly a danger peculiar to the work and not common in the neighborhood. It was logical and apparent to everyone, even Mr. Joslin, that the accident arose out of a condition of the claimant's employment as a logger.
>
> The issue then is whether the injury can be traced to the employment as the proximate cause of the accident. Circumstantial evidence can prove a fact. The claimant can prove his case when he does not remember what happened as a result of a brain injury. *E.g,* <u>Griffin v. City of Waynesboro</u>, VWC File No. 229-85-61 (May 11, 2007).

The dissent opined the accident was unexplained, concluding "it is equally likely that the claimant fell asleep and lost control of the machine, causing the log to crash into the machine as it is that the log fell through the window as the claimant attempted to load it."

This appeal follows.

ANALYSIS

Employer contends that claimant's accident did not arise out of employment because the accident was unexplained. Employer calls the incident a "classic unexplained accident case" and

- 5 -

argues that claimant did not prove how his injury occurred. Employer correctly notes that claimant had no recollection of the incident and did not know the cause of the accident. However, our analysis does not end there.

On appeal, the commission's decision that an accident arose out of the claimant's employment is a mixed question of law and fact and is therefore reviewable on appeal. Blaustein v. Mitre, 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001). However, by statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence. K & K Repairs & Constr. v. Endicott, 47 Va. App. 1, 7, 622 S.E.2d 227, 230 (2005).

The fact that there may be contrary evidence in the record is of no consequence, as long as credible evidence supports the commission's finding. Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). Instead, "we are bound by these findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved.'" Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original)). Furthermore, "[w]here reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County School Board, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

On appeal, we defer to the commission's assessment of the "probative weight" of the proffered evidence, and we recognize that the commission "is free to adopt that view 'which is most consistent with reason and justice.'" Georgia-Pac. Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)). Moreover, "[t]he commission, like any other fact finder, may consider

both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly consider all factual evidence, from whatever source, whether or not a condition of the workplace caused the injury." VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2002). This is accomplished when the "circumstantial evidence . . . takes the question beyond surmise or conjecture . . . ." Van Geuder v. Commonwealth, 192 Va. 548, 557, 65 S.E.2d 565, 571 (1951).

Under our workers' compensation statute, "[i]njury means only injury by accident arising out of and in the course of the employment." Code § 65.2-101. As such, in order for an injury to be compensable under the Workers' Compensation Act, the claimant must prove three elements by a preponderance of the evidence: "(1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." Southland Corp. v. Parson, 1 Va. App. 281, 283-84, 338 S.E.2d 162, 163 (1985). See also PYA/Monarch v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 691 (1996) ("The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." (quoting Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (en banc))).

In this case, there is no dispute that an accident occurred and that claimant's injury was sustained in the course of the employment. The issue is whether this accident and resulting injury arose out of claimant's employment.

The mere fact that an employee was injured at work is not enough to show that his injury arose out of his employment. County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 75 (1989). Instead, the employee must show that his injury resulted from an "actual risk" of the employment. Id. This requirement can only be met "if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be

performed." R.T. Investments v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984). However, "[w]hen a claimant has no memory of how the accident occurred and there are no witnesses to the accident, that claimant often cannot fulfill his or her burden to show this vital causal nexus between the employment and the injury." City of Waynesboro v. Griffin, 51 Va. App. 308, 314, 657 S.E.2d 782, 785 (2008) (citing Mem'l Hosp. v. Hairston, 2 Va. App. 677, 679, 347 S.E.2d 527, 527-28 (1986), which reversed an award of benefits when claimant did not remember how she fell, there were no witnesses, and claimant fell on a floor which had no conditions that could have caused her fall).

However, the lack of direct evidence either from the claimant's memory or an eyewitness account will not, by itself, preclude an award of benefits. "On the contrary, the commission may find an explanation for an accident based on circumstantial evidence, when that evidence 'allow[s] an inference that the claimant suffered an injury by accident arising out of . . . his employment.'" Id. at 314-15, 657 S.E.2d at 785 (quoting Marketing Profiles, 17 Va. App. at 433, 437 S.E.2d at 728). As we have already noted, "the commission may rely upon circumstantial evidence in finding that an injury was caused by a particular accident," Marriott Int'l v. Carter, 34 Va. App. 209, 215, 539 S.E.2d 738, 741 (2001), and once the circumstantial evidence "'takes the question beyond surmise or conjecture,'" it will support the commission's inference as to the cause of the claimant's injury, VFP, Inc., 39 Va. App. at 293, 572 S.E.2d at 512 (quoting Van Geuder, 192 Va. at 557, 65 S.E.2d at 570-71).

In Griffin, the claimant, an equipment operator, drove a front-end loader onto a flatbed trailer. Griffin, 51 Va. App. at 311, 657 S.E.2d at 783. The trailer was three and a half feet above the ground, while the front-end loader cab was an additional three feet above the ground. After he parked the loader on top of the trailer, claimant began to climb out of the relatively small cab of the loader. As he climbed out, he rocked his body forward to make sure that he had

applied the brake in the loader. At some point after that, he fell and suffered multiple injuries. There were no witnesses to the event. Id. The commission made specific findings based on direct and circumstantial evidence and the logical inferences drawn from that evidence to support its conclusion that the claimant's fall arose out of his employment. The commission found that he was in an awkward position attempting to get out of a front-end loader while also attempting to lean in and check the brakes. It also found that he was descending from the considerable height of six and a half feet down a worn and rusted step. The commission made the reasonable inference from these facts that the claimant's accident arose out of his employment because he was exposed to a risk in his employment -- executing an awkward maneuver in order to get out of the cab and descending from a considerable height on a worn, rusted step -- to which he would not equally be exposed in his ordinary, non-work life. Thus, the accident was not unexplained. Id. at 316, 657 S.E.2d at 785-86. We found that credible evidence and reasonable inferences drawn from the evidence supported the commission's findings, and there was sufficient evidence from which it could find that the claimant's injuries were attributable to a risk of employment and thus compensable. Id. at 317, 657 S.E.2d at 786.

Employer cites Lysable Transport, Inc. v. Patton, 57 Va. App. 408, 702 S.E.2d 596 (2010), for the proposition that multiple potential causes of an accident cannot support a finding that the accident happened in either particular way. Employer contends claimant's accident could have had a number of causes – for example, claimant could have fallen asleep, engaged in horseplay, or had been distracted.

In Lysable, the commission found that the claimant either fell asleep or was distracted by his load and ran off the road. We reversed the award of benefits, rejecting the mutually exclusive explanations of the accident and finding that "the commission's disjunctive finding does not establish how and why the accident happened." Id. at 419, 702 S.E.2d at 601. In the

- 9 -

present case, however, the commission did not give two mutually exclusive explanations. Rather, the commission found the specific cause of the accident.

There is no evidence in the record of horseplay, or that claimant was distracted. In fact, Joslin's interrogatory answers indicated that claimant was awake and operating the skidder at the time of the accident. The fact finder could properly infer he was not asleep.

We further reject employer's contention that "human error" was the cause of this claimant's accident due to improper operation of the skidder. Negligence is not a factor in our analysis. See Uninsured Employer's Fund v. Keppel, 1 Va. App. 162, 165, 335 S.E.2d 851, 852 (1985) ("Negligence, regardless how gross, does not bar a recovery for workers' compensation benefits.").

Here, the commission did not speculate as to the cause of the accident, nor was the accident unexplained. While claimant had no recollection of the accident or its cause, circumstantial evidence clearly proved the accident arose while claimant was operating the skidder. It is entirely reasonable to conclude that logging is a dangerous enterprise. Before the accident, the grabbers on the skidder were not working properly, diminishing claimant's control over the logs. The skidder's plexiglass window, already scratched by logs striking the window, had been removed several days earlier. This further increased the hazard to the skidder's operator, as there was nothing to stop the moving logs from entering the skidder's cab.

Employer maintains PYA/Monarch, 22 Va. App. 215, 468 S.E.2d 688, is analogous as an "unexplained injury" case and thus controls the outcome of this case. We disagree. There, claimant was climbing down from his truck cab. He reached for the "grab bar" and did not remember anything else. We rejected the commission's finding that the icy condition and design of the truck cab caused claimant's fall, finding no evidence supported this conclusion. Id. at 224, 468 S.E.2d at 692. There was no causal link between claimant's employment and the fall.

Further, in Liberty Mutual Ins. Corp. v. Herndon, 59 Va. App. 544, 721 S.E.2d 32 (2012), we held that characterizing the claimant's accident as an "unexplained" incident and asserting that the accident could have occurred for many different reasons "misconstrues the focus of our inquiry. The key focus is not the relationship between the injury and its cause but rather the relationship between the injury and the employment." Id. at 560, 721 S.E.2d at 40.

Liberty Mutual is more factually similar to the present case. There, the claimant was working on a carpentry framing crew when, while carrying wood, he fell through a hole on the second floor of an unfinished building. Id. at 551, 721 S.E.2d at 35. Similar to the subject case and to PYA/Monarch, the claimant did not remember the actual harmful incident. Id. at 561, 721 S.E.2d at 43. Contrary to PYA/Monarch, however, there was evidence to support the conclusion that the fall "was a result of the work environment" and that "the fall from [the] height caused his injuries." Id. at 562, 721 S.E.2d at 41. The record indicated that the claimant was found directly beneath the hole, his injuries were consistent with a fall from a great height, and several co-workers claimed that "they heard something hit" at the time of the fall. Id. at 562, 721 S.E.2d at 41. As such, the evidence supported the commission's finding that claimant's injuries "arose out of" his employment. Id.

The subject case is also analogous to Beland, 43 Va. App. 352, 597 S.E.2d 286. There, claimant's job involved applying tar and sealant to holes in a roof while standing on a portion of a ladder. Claimant carried a 20-30 pound bucket in one hand and a glove he used to apply the tar on the other hand, preventing claimant from holding onto the ladder. Claimant did not recall the fall. We concluded claimant's situation was "uniquely dangerous." Id. at 361, 597 S.E.2d at 290. Similarly, we concluded that the workplace in Liberty Mutual was also "uniquely dangerous" because the claimant fell from a high place where the claimant's "employment required [him] to be." Liberty Mutual, 59 Va. App. at 559, 721 S.E.2d at 39. Unlike the

situation in <u>PYA/Monarch</u>, but analogous to the facts in <u>Beland</u> and <u>Liberty Mutual</u>, the claimant here was in a uniquely dangerous position at the time of his injury.

In this case, the commission properly relied on circumstantial evidence to conclude claimant's injury arose out of his employment and happened while he was on the skidder. Claimant's co-worker, Willie Smith, testified claimant had been operating the skidder earlier in the morning. When Smith approached the machine after the accident, he saw claimant unconscious, slumped over the steering wheel. A tree had penetrated the back window opening of the skidder. David Joslin, claimant's boss and the owner of Virginia Tree Harvesters, confirmed that aspect of Smith's testimony. Both men indicated the rear window had been removed several days earlier.

Common sense tells us the logging business is a dangerous one. Claimant's work required him to move logs by grabbing the logs and placing them in a truck by use of the grabbers on a skidder. The plexiglass window of the skidder had been removed.[3] Further, the grabber was not functioning properly, resulting in the logs swinging from side to side. The logs were approximately six to eight inches in diameter. The obvious hazard is that a tree might not be fully controlled. The log could then penetrate the skidder's cab. That hazard is evidenced by the fact that the plexiglass had scratches and gouges where logs had previously hit the window.

Indeed, on the day of the accident, that hazard was realized when an unsecured limb struck claimant, resulting in injuries to his brain, right shoulder, lung, neck, scalp, and ribs.

---

[3] The fact finder could reasonably infer that plexiglass prevented logs from entering the skidder's cab. While there were scratches and gouges in the plexiglass, no testimony indicated that errant logs had penetrated the plexiglass.

CONCLUSION

We conclude that the conditions of claimant's workplace caused his injuries. His employment exposed him to the particular danger from which he was injured. His injury was a natural incident of his work.

We therefore affirm the commission's judgment.

<u>Affirmed.</u>