# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Decker and O'Brien
Argued at Alexandria, Virginia

ANTHONY R. BEDELL

v.      Record No. 1618-15-4

CHRISTINA M. MULLER

MEMORANDUM OPINION[*] BY
JUDGE MARLA GRAFF DECKER
NOVEMBER 1, 2016

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Penney S. Azcarate, Judge

Scott A. Surovell (Tanisha M. Harris; Surovell Isaacs Petersen &
Levy PLC, on brief), for appellant.

Pamela L. Cave for appellee.

Anthony R. Bedell (the father) appeals an order denying his motion to enjoin Christina M.

Muller (the mother), from moving from Great Falls, in Fairfax County, to the town of Front Royal,

in Warren County, with the parties' three children. On appeal, he relies heavily on the same court's

ruling, issued about seven weeks earlier, that granted his motion to enjoin the mother from moving

with the children to California. He argues in part that the circuit court, in reaching the opposite

result on his motion regarding the move to Front Royal, improperly ignored "the law of the case."

He also contends the court erred in finding that the mother's relocation to Front Royal was not

motivated by an improper purpose and that his relationship with the children would not be

substantially impaired by the relocation. Finally, he asserts that the court erred as a matter of law by

failing to make findings identifying the factors and circumstances in Code § 20-124.3 that it

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

considered in ruling that relocation was appropriate. The mother challenges the assignments of error on both procedural and substantive grounds.

We hold that the father's assignments of error are either procedurally barred or lack merit. Accordingly, we affirm the circuit court's ruling denying his request to enjoin the move. Additionally, we deny the parties' competing requests for attorney's fees in this appeal and decline to alter the impact of the rules on the related costs.[1]

## I. BACKGROUND

The parties were married in 2005. They have three young children. The family resided in Fairfax County near their children's Catholic Montessori school. In 2013, the parties separated. They subsequently agreed to sell the marital residence and share joint legal custody of the children, with the mother having primary physical custody. The father was to have visitation every other weekend and one evening each week for dinner. The agreement indicated the intention of both parents that the children would remain enrolled in Catholic school, although it noted that nothing in the agreement "shall be deemed to be either party's consent to a specific school." Also per the agreement, the mother was to receive child support of $2,271 per month. Additionally, she was to receive $4,191 per month in spousal support until February 2016 and then $2,500 per month in spousal support until February 2018, after which spousal support was to terminate. The agreement was incorporated into the final divorce decree entered in March 2015.

The mother subsequently sought to move with the children to California, where she had family and planned to attend graduate school. Judge Bruce White, the judge initially assigned to the case, denied the mother's request by order of July 21, 2015, ruling that she did not prove that the move was in the best interests of the children. The judge ruled that "the relocation to California, if allowed, would substantially impair the children's relationship with the father" by changing both the

---

[1] Several motions filed by the parties during this appeal are resolved in a separate order.

nature and frequency of their visitation and that it would not improve their standard of living. The judge recognized that the mother's spousal support would "end at some point in the future," but he noted that she had a college degree and the ability to seek employment. The judge further found that the mother was evasive in her testimony about the move, leading him to believe that "she had been planning this all along." He also opined that some of the mother's testimony "seemed to mean" she believed "that by giving the notice of relocation, the father would put money on the table to buy her withdrawing that motion as if that was a proper way to renegotiate . . . the previous agreement." As a result of what he ruled was the mother's improper motivation, Judge White ordered her to pay $5,000 of the father's attorney's fees.

Nine days after Judge White's ruling, the mother notified the father that she had obtained a job in Front Royal, Virginia, and intended to move there with the children. The father filed a motion to enjoin the move. A hearing on that motion was delayed on various procedural grounds. One of those grounds was that the mother had appealed the July 21, 2015 order.[2] In the meantime, the mother moved to Front Royal and enrolled the children in the local Catholic Montessori school, where she had obtained a job as a teacher's assistant. On September 10, 2015, while the mother's appeal remained pending, Judge Penney Azcarate, a new judge in the case, heard evidence on the father's motion to require the mother to return with the children to the marital residence and their prior Catholic Montessori school, both located in Fairfax County. After the hearing, Judge Azcarate denied the father's motion. She ruled that a material change in circumstances had occurred in part because the mother had found a job in Front Royal, which would help compensate for the upcoming reduction in the mother's spousal support scheduled to occur in just a few months under the parties' agreement. Judge Azcarate also found that the move of sixty-four miles was in the best interests of

---

[2] The father obtained leave from this Court for the circuit court to consider his motion to enjoin the move to Front Royal while the mother's appeal of the July 21, 2015 order denying her motion to move to California was still pending.

- 3 -

the children. She noted that the mother could afford to maintain a stable residence in Front Royal and the children could attend the Catholic Montessori school, where the mother was going to work, without having to be in childcare. Additionally, the judge concluded that the relocation would not deprive the children of a relationship with the father because, although the travel distance might cause the father "difficulty," the record contained "no evidence [that] the distance [would] interrupt the visitation . . . or adversely affect the children or any children's activities that the father wishes to attend."

The father noted an appeal of the September 10, 2015 ruling. This Court later granted the mother's motion to withdraw her appeal of the earlier July 21, 2015 ruling. Only the father's appeal is currently before the Court.

## II. ANALYSIS

The father presents five assignments of error. We hold that he failed to preserve his first, third, and fifth assignments of error for appeal. As to his second and fourth assignments of error, we hold that the record supports the trial court's rulings that the mother's relocation to Front Royal was not motivated by an improper purpose and that the father's relationship with the children would not be substantially impaired by the relocation. Accordingly, we affirm the ruling of the trial court. Additionally, we decline the parties' competing requests for attorney's fees and costs in this appeal.

### A. *Procedural Issues*

The father, in his first and third assignments of error, suggests that the trial court improperly "disregard[ed]" or "ignored" the "law of this case" as set out in its July 2015 ruling.[3] In his fifth

---

[3] The first assignment of error asserts that the law of the case prevented the trial court from finding a material change in circumstances had occurred since the previous hearing. The third assignment of error suggests that the law of the case required the court to find that no "independent benefit" would accrue to the children from relocating and that the best interests of the children would be served by "staying in the same school, [in] the same community, which would promote their stability."

- 4 -

assignment of error, he argues that the court erroneously failed to set out the "factors and circumstances" in Code § 20-124.3 that it considered in ruling that the move to Front Royal was in the best interests of the children.

### 1. Law-of-the-Case Arguments

The law-of-the-case doctrine provides generally that a decision made in one stage of litigation remains binding "during later stages of the 'same litigation.'" Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26, 661 S.E.2d 822, 826 (2008). In order for the prior ruling to have a binding effect in the later stages, the facts must be "the same." Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620-22, 93 S.E. 684, 687-88 (1917), quoted with approval in Kaufman v. Kaufman, 12 Va. App. 1200, 1208, 409 S.E.2d 1, 6 (1991). Additionally, law-of-the-case doctrine "applies only in the case of a final, unappealed order." Va. Tree Harvesters, Inc. v. Shelton, 62 Va. App. 524, 530 n.2, 749 S.E.2d 556, 559 n.2 (2013).

Accepted waiver principles provide on appeal that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. The purpose of the contemporaneous objection rule is to give the trial court "an opportunity to rule intelligently on the issue presented, thus avoiding unnecessary appeals and reversals." West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004). Therefore, the Court of Appeals will not consider an argument on appeal unless it was presented to the trial court with specificity and in time for the court to correct any error. See, e.g., Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 315, 331-32, 746 S.E.2d 509, 518-19, 527 (2013).

Based on these principles, we hold that the father failed to make a sufficient objection either orally or in writing. The appellant did not argue at any point during the September 2015 proceeding before Judge Azcarate that law-of-the-case principles compelled her to draw the same conclusions

regarding Front Royal that Judge White had reached in the July 2015 proceeding regarding the proposed move to California. The closest that the father came to making a law-of-the-case argument orally was his claim that the mother's moving the children to Front Royal was "an attempt to end-run Judge White's ruling about California." He did not, however, argue that the ruling preventing the cross-country move to California was *binding* in the very different context of the mother's proposed in-state move to Front Royal, a community that the court found was sixty-four miles from the family's residence in Fairfax County. See also Kaufman, 12 Va. App. at 1208, 409 S.E.2d at 6 (requiring an identity of facts for a prior ruling to have a binding effect in a later proceeding).

Additionally, the father endorsed the final order only "seen and objected to," and he did not bring the basis for his claim of error to the trial court's attention with specificity in any post-trial motions. See, e.g., Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*). We recognize that the appellant was not required to use the specific words "law of the case" in making his argument. Nevertheless, he was required to object with sufficient specificity to make clear to Judge Azcarate that he believed she was bound by Judge White's ruling. See Tackett, 62 Va. App. at 315, 331-32, 746 S.E.2d at 518-19, 527. He did not do so here. Accordingly, we hold that the father failed to preserve his first and third assignments of error for appeal.[4] Cf. Swalef v. Anderson, 50 Va. App. 100, 108 n.6, 646 S.E.2d 458, 462 n.6 (2007) (holding that the father's argument that an out-of-state custody determination served as *res judicata* was barred by Rule 5A:18).

## 2. Findings Under Code § 20-124.3

The father asserts in his fifth assignment of error that the trial court erroneously "fail[ed] to make findings of the factors and circumstances" in Code § 20-124.3 that it considered in ruling that

---

[4] Further, at the time the father claims that Judge Azcarate was bound by the July 2015 order, that order was on appeal. Therefore, in any event, it lacked binding effect. See Va. Tree Harvesters, 62 Va. App. at 530 n.2, 749 S.E.2d at 559 n.2.

the move to Front Royal was in the best interests of the children. We hold that this claim too is barred.

Code § 20-124.3 provides in relevant part that when a court "determin[es] the best interests of a child for purposes of determining custody or visitation arrangements," the judge "shall communicate to the parties the basis of the decision either orally or in writing." Additionally, "[e]xcept in cases of consent orders," the judge's "communication shall set forth the judge's findings regarding the relevant [best interests] factors . . . in [the code section]." Code § 20-124.3.

The father argues that the trial court failed to make such findings. However, this claim is subject to waiver, and the father did not argue below that the trial court's articulation of the findings and factors was deficient. Rule 5A:18 requires a contemporaneous objection "to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (*en banc*); see Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010). If the father had brought this alleged oversight to the trial court's attention in a timely and specific fashion, it could have corrected any error without the necessity for an appeal. Because the father did not do so, this assignment of error is barred. See Rule 5A:18; cf. Torian v. Torian, 38 Va. App. 167, 185-86, 562 S.E.2d 355, 364-65 (2002) (holding a general objection to entry of an award of spousal support for a defined duration under Code § 20-107.1(F) did not preserve for appeal a later objection that the written explanation was insufficient).

The father has not asked this Court to apply the ends-of-justice exception to Rule 5A:18 as a reason to reverse the trial court's ruling, and we will not consider that very limited exception *sua*

*sponte*.[5]  See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004).  Additionally, even if the father had properly attempted to invoke the ends-of-justice exception here, the record reflects that the trial court made express findings regarding the best interests of the children and the evidence that it thought was most important to that determination.  Therefore, even assuming that the court did not make findings in as much detail as the father contends Code § 20-124.3 requires, a trial court's failure to make such findings under the statute is not an error that is "clear, substantial and material," as required for application of the ends-of-justice exception.  See Herring v. Herring, 33 Va. App. 281, 287, 532 S.E.2d 923, 927 (2000) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)); cf. id. at 287-89 & n.2, 532 S.E.2d at 927-28 & n.2 (applying the ends-of-justice exception to the defendant's failure to object to the trial court's deviation from the child support guidelines without proper explanation but expressly limiting application of the exception to the lack of explanation in child support guidelines deviation cases); cf. also Courembis v. Courembis, 43 Va. App. 18, 28-29, 595 S.E.2d 505, 510 (2004) (refusing to apply Herring and holding that the ends-of-justice exception did not excuse the husband's lack of objection to the court's failure to make the statutorily required written findings for an award of spousal support).

---

[5] In response to a motion to dismiss the appeal filed by the mother, the father argued that this Court should apply the ends-of-justice exception and decline to dismiss based on his failure to make a contemporaneous objection to the alleged lack of findings.  However, the father has not asserted the ends-of-justice exception on brief or in oral argument on the merits as a reason why this Court should consider his findings argument at this stage of the appeal.

- 8 -

*B. Merits Issues*[6]

"When the [trial] court hears evidence at an *ore tenus* hearing, its decision 'is entitled to great weight and will not be disturbed [on appeal] unless plainly wrong or without evidence to support it.'" Cloutier v. Queen, 35 Va. App. 413, 424, 545 S.E.2d 574, 580 (2001) (quoting Piatt v. Piatt, 27 Va. App. 426, 432, 499 S.E.2d 567, 570 (1998)). The credibility of the witnesses and the weight of the evidence are matters solely for the fact finder, who has the opportunity to see and hear that evidence as it is presented. E.g., Budnick v. Budnick, 42 Va. App. 823, 834, 595 S.E.2d 50, 55 (2004). A decision regarding whether to approve a relocation is a matter of discretion and will be reversed only upon a showing of an abuse of discretion. Petry v. Petry, 41 Va. App. 782, 790, 589 S.E.2d 458, 462 (2003). A trial court abuses its discretion if it "fail[s] 'to consider the statutory factors required to be part of the decisionmaking process' or . . . mak[es] 'factual findings that are plainly wrong or without evidence to support them.'" Id. (citations omitted) (quoting Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836 (2003)).

The overarching question in a relocation case is whether the relocation is in the children's best interests. See, e.g., Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004). Important factors in the best interests analysis include the relationship between each parent and each child, the parents' respective roles in the "upbringing and care of [each] child," and the "propensity of each parent to actively support [each] child's contact and relationship with the

---

[6] The father began the instant proceeding by filing a motion to enjoin the move to Front Royal. By the time the court heard the father's motion, the mother and children had already moved. Judge Azcarate noted this fact and stated that she would "rule on the injunction as a relocation." On appeal, the father has not assigned error to that decision. Consequently, we address the case and the preserved assignments of error in the posture in which they have been presented to us.

other parent." Code § 20-124.3(3), (5), (6). Here, the father challenges the trial court's best interests ruling on two grounds, which we address below.[7]

### 1. The Mother's Motive in Moving to Front Royal

Judge Azcarate, after hearing the parties' evidence, specifically found that the mother, by moving with the children to Front Royal, was not "attempting to keep [them] away from [the father]." The father, in his second assignment of error, argues that this ruling was erroneous and that the mother was, in fact, improperly motivated by a desire to deny him access to visitation with the children. He suggests, in part, that Judge Azcarate should have considered Judge White's earlier ruling that the mother's request to move the children to California was motivated by the improper purpose of encouraging the father to offer her more money to remain in northern Virginia. The evidence presented at the September 2015 hearing, however, viewed under the proper standard, supports Judge Azcarate's ruling.

The mother testified at that hearing regarding why she moved with the children to Front Royal in August 2015. Those reasons included the father's notice to her in April 2015 that she would need to vacate the marital residence in the Great Falls area of Fairfax County so that it could be sold, as the parties had agreed when they divorced. The mother also noted that her monthly spousal support, per the parties' written agreement, was scheduled to decrease significantly five months after the September 2015 hearing. The record showed that it was to drop from $4,191 to $2,500 per month in February 2016. Additionally, it was scheduled to terminate entirely in February 2018. The mother testified, and the father conceded, that with her

---

[7] As already stated, see supra note 3 and accompanying text, the father waived his challenge to other aspects of the best interests issue, as well as his claim that the court erred in finding a material change of circumstances had occurred since the previous relocation hearing before Judge White.

spousal support and $2,500 per month in child support, she could not afford to continue living with the children in Great Falls.

The mother testified that the father also said that they could not afford to keep the children enrolled in Catholic Montessori school in Fairfax County. She pointed to the statement in the parties' agreement that they would like to keep the children enrolled in Catholic Montessori school if possible, and she explained that she had obtained a job at such a school in Front Royal. According to the mother, by working there, as well as enrolling the children in school there, she would be able to avoid placing them in childcare. The mother also explained that she had calculated, based on her support and earned income, that she could afford to pay $1,700 per month in rent and that the only housing she had located for that price in northern Virginia was not in an area in which she thought she should be raising the children. In Front Royal, she had found a detached home on more than an acre of land, in a neighborhood in which they knew two families with whom the children had previously attended school in Great Falls. She further testified that she and the children had spent a lot of time in Front Royal prior to the move and that they would be able to "keep their animals" upon moving.

According to the mother, she would have preferred not to move quite so far but Front Royal was where she obtained employment. The record established that she needed to obtain employment in order to contribute to supporting herself and her children when her spousal support decreased and then terminated pursuant to the parties' agreement. Finally, the mother testified that she did not think she would be able to maintain her employment in Front Royal if she and the children were forced to remain in Great Falls and commute. She observed that such a commute would negatively impact the lives of the children on a daily basis, rather than merely making transportation for their weekend and midweek visitation with the father more difficult.

Judge Azcarate was required to assess the mother's credibility based on her testimony at the *ore tenus* hearing and to make an independent determination regarding whether her moving the children to Front Royal was motivated by an improper purpose. See Budnick, 42 Va. App. at 834, 595 S.E.2d at 55. Judge White's earlier finding regarding the proposed California move was not binding regarding the mother's motivation to move to a different location within Virginia, and that earlier finding was of marginal relevance at best given the dramatic differences in facts. See Kaufman, 12 Va. App. at 1208, 409 S.E.2d at 6. On this record, viewed under the proper standard, Judge Azcarate's express findings that the mother's move to Front Royal was not motivated by an improper purpose and that she was not "attempting to keep the children away from [the father]" were not plainly wrong. See Cloutier, 35 Va. App. at 424, 545 S.E.2d at 580.

## 2. The Impact of the Move on the Children's Relationship with the Father

The father, in his fourth assignment of error, argues that the trial court abused its discretion in finding that his relationship with the children would not be substantially impaired by their relocation to Front Royal with no change in the visitation schedule. "[W]here the party seeking to relocate has already moved . . . , the trial court may consider any positive or negative changes in the child's life," even those changes occurring after the relocation. Surles v. Mayer, 48 Va. App. 146, 175, 628 S.E.2d 563, 577 (2006). "[T]he added difficulty in maintaining a beneficial relationship between a child and a non-custodial parent should not be the sole basis for restricting a custodial parent's residence except where the benefit of the relationship cannot be substantially maintained if the child is moved away . . . ." Id. at 176, 628 S.E.2d at 577 (quoting Scinaldi v. Scinaldi, 2 Va. App. 571, 575, 347 S.E.2d 149, 151 (1986)).

Here, Judge Azcarate specifically found that the move of sixty-four miles did not necessitate a change in the visitation schedule, under which the children spent every other

weekend at the father's home and also had midweek dinner visitation with him. The record, viewed under the proper standard, supports that ruling. The evidence proved that the mother was the children's primary caregiver and the father had participated very little in the children's schooling, extracurricular activities, and doctor's appointments. The father testified that he had participated in a number of the children's activities since the separation and divorce. The mother presented evidence, however, both through her own testimony and the testimony of other parents who had attended some of the same events, that the father's participation had been sporadic at best. Additionally, the mother testified that the children's sporting events in Front Royal occurred mostly on the weekends, permitting the father to attend if he wished on his noncustodial weekends. Further, the mother stated that she was willing to drive the children to meet the father for his midweek dinner visitation, and the father conceded that she had made this offer. The record also showed that the mother was willing to adjust both the midweek and weekend visitation schedule so that all driving occurred during her custodial time.

This evidence, viewed under the plain error standard, supports the trial court's finding that the father's relationship with the children could be "substantially maintained" while the children were living in Front Royal. See Surles, 48 Va. App. at 176, 628 S.E.2d at 577 (quoting Scinaldi, 2 Va. App. at 575, 347 S.E.2d at 151). Accordingly, the father has failed to establish that Judge Azcarate's ruling on this point constituted an abuse of discretion. See Petry, 41 Va. App. at 790, 589 S.E.2d at 462.

### C. Motions for Attorney's Fees and Costs on Appeal

The father and mother have filed competing motions for attorney's fees and costs in this appeal. Whether to award attorney's fees and costs on appeal is discretionary. See Rule 5A:30(b); see also Harper v. Dep't of Taxation, 250 Va. 184, 194, 462 S.E.2d 892, 898 (1995) (noting that use of the word "may" in a statute usually denotes discretion). This Court takes into consideration

factors such as whether the requesting party has prevailed, whether the appeal was "fairly debatable" or frivolous, whether either party generated unnecessary expense or delay in pursuit of its interests, and whether other reasons exist to support an award of fees and costs. See Rule 5A:30(b); Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Here, the litigation below was complicated and contentious. The father's appeal, viewed as a whole, was not frivolous. Accordingly, we decline the parties' requests for attorney's fees. See, e.g., Wright v. Wright, 61 Va. App. 432, 470, 737 S.E.2d 519, 537-38 (2013). With regard to the competing requests for costs, after fully reviewing the record in this case, we decline to alter the effect of the Rules of Court. See Rule 5A:30(a).

### III. CONCLUSION

For these reasons, we hold that the father failed to preserve his first, third, and fifth assignments of error for appeal. The first and third assignments rely on his claim that they were governed by the law of the case, but he failed to argue to the trial court that its previous ruling was binding. The father's fifth assignment of error is also barred because he failed to alert the trial court to his claim that it was required to make more specific findings pursuant to Code § 20-124.3 in ruling that permitting the relocation to Front Royal was in the best interests of the children. Finally, as to his second and fourth assignments of error, we hold that the record, viewed under the proper standard, supports the trial court's rulings that the mother's relocation to Front Royal was not motivated by an improper purpose and that the father's relationship with the children could be substantially maintained despite the move. Consequently, we affirm the ruling of the trial court. Additionally, we decline each party's request for an award of attorney's fees in this appeal, and we decline to alter the impact of the rules regarding costs.

Affirmed.

- 14 -