COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia


DR. GREG BATH AND
   AMERICAN ECONOMY INSURANCE CO.

                                                   MEMORANDUM OPINION[*] BY
v.        Record No. 1203-16-4                     JUDGE ROSEMARIE ANNUNZIATA
                                                   DECEMBER 27, 2016

VIRGINIA LEE OLINGER


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Christopher R. Constabile for appellants.

            Robert A. Mordhorst (Mordhorst Law, on brief), for appellee.


      Dr. Greg Bath ("employer") and American Economy Insurance Company ("insurer")

appeal from an opinion of the Workers' Compensation Commission ("Commission") finding

Virginia Lee Olinger ("claimant") proved reactive airway disease as a compensable ordinary

disease of life. On appeal, employer contends the Commission erred by 1) finding claimant was

disabled "where the medical opinions on which the Commission relies are based on incorrect

factual information," 2) relying on the opinions of claimant's treating physicians "where the

physicians did not rule out other potential exposures," and 3) failing to find claimant's disability

"resulted from an aggravation of a pre-existing respiratory problem." We affirm the decision of

the Commission.

                                        BACKGROUND

      "On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

_____
      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 84, 608 S.E.2d 512, 517 (2005) (*en banc*).

So viewed, the evidence proved claimant worked for employer as an administrative assistant. On August 3, 2015, when she opened the office, she detected an odor coming from a cabinet near her work area. The fumes caused a burning sensation in her nose, eyes, throat, and ears and she began to cough as the day progressed. The fumes continued for three days. On August 6, 2015, after the odor increased, the fire department reported to the office and determined the fumes were emanating from a backup battery in the computer system. Claimant worked until August 25, 2015, by which time her symptoms had become more severe.

On August 17, 2015, claimant saw Dr. Starina Jose at Patient First. Dr. Jose diagnosed claimant with "possible reactive disease effect from fume" and referred her to Dr. George Bazaco of Pulmonary and Critical Care Specialists. On August 27, 2015, Dr. Bazaco diagnosed claimant with reactive airway disease and excused her from work. Claimant continued to have a persistent cough and other symptoms. In September, after learning the faulty battery which caused the fumes contained sulfuric acid and other chemicals, Dr. Bazaco further excused her from work and diagnosed "[r]eactive airways process in addition to hyperresponsive airways disease." He concluded it was "related to recent battery chemical exposure."

Dr. Jerry Lee saw claimant beginning in October 2015. He reviewed a Material Data Safety Sheet for the battery system which had caused the fumes claimant inhaled while at work. He opined that claimant's lung condition "is more likely than not caused by her inhalation of hazardous material, sulfuric acid, while working on 8/6/15 and a few prior days."

The deputy commissioner concluded claimant's reactive airway disease was a compensable ordinary disease of life that was caused by conditions peculiar to claimant's employment and awarded her temporary total disability beginning August 25 through October

13, 2015, and medical benefits for as long as necessary. The Commission affirmed the deputy commissioner's opinion. This appeal followed.

ANALYSIS

There is no dispute that claimant's reactive airway disease constitutes an ordinary disease of life.

> For an ordinary disease of life to be compensable under § 65.2-401, a claimant must prove by "clear and convincing evidence, (not a mere probability)," that the disease (1) "arose out of and in the course of [her] employment as provided in Code § 65.2-400"; (2) "did not result from causes outside of the employment"; and (3) "follows as an incident of occupational disease . . . [;] is an infectious or contagious disease contracted in the course of [specified types of employment]; or . . . is characteristic of the employment and was caused by conditions peculiar to such employment." Code § 65.2-400(B) provides that a disease arises out of the employment "if there is[, inter alia,] . . . [a] direct causal connection between the conditions under which work is performed and the occupational disease; . . . [and] [i]t can be fairly traced to the employment as the proximate cause . . . ."

Tex Tech Indus., Inc. v. Ellis, 44 Va. App. 497, 503, 605 S.E.2d 759, 761 (2004).

Evidence is clear and convincing when it produces in the fact finder "a firm belief or conviction as to the allegations sought to be established. It is . . . more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and *unequivocal*." Id. (quoting Fred C. Walker Agency v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975).

Claimant had the burden to prove all the elements of Code § 65.2-401, including that the disease did not result from causes outside her employment. See Steadman v. Liberty Fabrics, 41 Va. App. 796, 806, 589 S.E.2d 465, 470 (2003). An ordinary disease of life that is merely aggravated by a claimant's employment is not compensable. See Teasley v. Montgomery Ward & Co., 14 Va. App. 45, 50, 415 S.E.2d 596, 598 (1992).

"The [C]ommission's determination of causation is a finding of fact." Herbert Clements & Sons, Inc. v. Harris, 52 Va. App. 447, 456, 663 S.E.2d 564, 569 (2008). "[U]nless we can say as a matter of law that claimant failed to sustain her burden of proving causation, the [C]omission's findings are binding and conclusive upon us." Lee Cty. Sch. Bd. v. Miller, 38 Va. App. 253, 260, 563 S.E.2d 374, 377 (2002).

> A finding of causation need not be based exclusively on medical evidence, and a claimant is not required to produce a physician's medical opinion in order to establish causation. Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or "the testimony of a claimant."

Farmington Country Club, Inc. v. Marshall, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005) (quoting Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996)). "The fact that there may be contrary evidence in the record is of no consequence, as long as credible evidence supports the [C]ommission's finding." Virginia Tree Harvesters v. Shelton, 62 Va. App. 524, 532, 749 S.E.2d 556, 560 (2013). Instead, "we are bound by these findings of fact as long as 'there was credible evidence presented such that a reasonable mind *could* conclude that the fact in issue was proved.'" Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 492, 497 (2005) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)). "Where reasonable inferences may be drawn from the evidence in support of the [C]ommission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico Cty. Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

In this case, claimant demonstrated through her medical records, her testimony, and the opinions of her three treating physicians that her reactive airway disease, an ordinary disease of life, was caused by her exposure to the fumes during the course of her employment. The Commission specifically noted that although Dr. Bazaco's later opinion indicated that the battery had leaked and that claimant proved only that the battery had overheated, the Commission was

- 4 -

"confident Dr. Bazaco was aware of the extent of the occupational exposure when he formed his opinion about diagnosis and causation of the claimant's disease." No evidence suggested claimant previously had been diagnosed with reactive airway disease or another lung ailment. Claimant had reported her migraine condition to all of her doctors and testified that on previous occasions strong odors had triggered migraine headaches. However, as noted by the Commission, her symptoms following her exposure to the workplace fumes were significantly different. Following the exposure, claimant developed a persistent cough and a burning sensation in her nose, eyes, throat, and ears.

Based upon the physicians' opinions and claimant's testimony, the Commission, as the trier of fact, could conclude that the evidence proved clearly and convincingly that (1) the workplace exposure to the fumes caused claimant's reactive airway disease, (2) the disease was not caused by other exposures, and (3) that the disease did not result from the aggravation of a pre-existing condition.

Finding ample credible evidence in the record to support the Commission's findings, we affirm.

Affirmed.