COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

UNPUBLISHED

KATHIE CHOINSKI

v.        Record No. 1927-19-2

VIRGINIA STATE UNIVERSITY/
 COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MARCH 31, 2020

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Robert L. Flax, on briefs), for appellant.

(Mark R. Herring, Attorney General; Samuel T. Towell, Deputy
Attorney General; Adam L. Katz, Senior Assistant Attorney General,
on brief), for appellee.


Kathie Choinski (appellant) appeals a decision of the Workers' Compensation

Commission (the Commission) denying her claim for benefits. On appeal, appellant argues that

the Commission "erred as a matter of law when it misinterpreted Massie v. Firmstone[, 134 Va.

450 (1922),] by not considering the evidence as a whole." Appellant also argues that the

Commission erred as a matter of law when it held that she did not prove by a preponderance of

the evidence that she "sustained an injury which arose out of her employment."

"On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the prevailing party below." Anderson v. Anderson, 65 Va. App. 354, 361 (2015)

(quoting Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83 (2005) (*en banc*)). "The

Commission's factual findings bind [this Court] as long as credible evidence supports them."

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Riverside Reg'l Jail Auth. v. Dugger, 68 Va. App. 32, 37 (2017) (quoting Van Buren v. Augusta Cty., 66 Va. App. 441, 446 (2016)).

At the hearing before the deputy commissioner, appellant testified that she works for Virginia State University (employer) as a security officer. On May 8, 2018, she was working in a security booth at the south entrance to the school and requested to take a break. Another officer relieved her, and she walked on the sidewalk toward a building on campus. Appellant testified that, while walking on the sidewalk, she "tripped on the sidewalk," and "landed from [her] waist up and [her] head bounced twice off of the sidewalk." Appellant stated that she was "knocked out of breath" and believed that she was unconscious for "a couple of seconds." Using photographs admitted at the hearing, appellant identified the area of the sidewalk where she fell. Appellant stated that she tripped over the "crack right here" depicted in one of the photographs.

Appellant also testified that she "didn't even see a crack in the sidewalk. [She] just knew [she] tripped. [She] was advised after that there was a crack in the sidewalk by" another employee about ten minutes after she fell. Appellant also stated:

> I know I went flying. That's all I can tell you. I went . . . it was an accident. I tripped, I fell, and I really slammed down on the ground. Like I said, I believe it knocked me unconscious. I remember my head banging twice on the sidewalk.

When asked if she was speculating about having tripped on a crack in the sidewalk, appellant responded, "All I can say is I tripped on the sidewalk. I can't say that it was the actual crack that caused me to fall, but I tripped on this sidewalk right here." Appellant described the area where she fell as where "a new sidewalk and an old sidewalk" are not "meeting levelly" and have different heights.

On the day after appellant fell, Michael Hicken, a safety manager for employer, examined the sidewalk where she fell. He estimated that there was about "a quarter inch" height difference in the sidewalk, referring to the photographs of the sidewalk, but he did not measure the

difference in May 2018. The quarter inch height difference was located on the side of the sidewalk closest to the flowers in the photographs and did not extend all the way across the sidewalk. He described the left side of the sidewalk as "fairly close." When asked if there was a crack depicted in the photographs, Hicken replied, "There is a joining surface of two sidewalks. I cannot say if it's a crack or if it's an expansion joint." Hicken sent an email to appellant, giving her his estimate of the height difference on the sidewalk.

At the hearing before the deputy commissioner, the parties stipulated that appellant's accident occurred in the course of her employment and that she sustained a right shoulder injury in the fall. Employer defended the claim on the ground that appellant's injuries did not arise out of her employment. The deputy commissioner denied appellant benefits, finding that she failed to prove her injury was the result of a work-related risk. Appellant appealed that decision to the Commission who found that the evidence was insufficient to show "a condition or risk of [appellant]'s employment caused [her] injuries." The Commission also found that the evidence was insufficient to show that "the uneven area of the sidewalk caused [appellant] to trip and fall."

Appellant first contends that the Commission erred in applying the doctrine addressed in Massie v. Firmstone, 134 Va. 450 (1922), "by not considering the evidence as a whole," not considering testimony of other witnesses confirming her testimony, and focusing on appellant's "weakest testimony." However, the Commission's decision does not address or cite to Massie. Further, nothing in the record indicates that the Commission did not consider "the evidence as a whole" in the case. Moreover, "[i]f there is evidence or reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by this Court on appeal, even though there is evidence in the record to support contrary findings of fact."

- 3 -

Jeffreys v. Uninsured Employer's Fund, 297 Va. 82, 87 (2019) (quoting Caskey v. Dan River Mills, Inc., 225 Va. 405, 411 (1983)).

Appellant argues that the Commission erred when it held that she did not prove by a preponderance of the evidence that she sustained an injury that arose out of her employment. It is the burden of appellant, the appealing party in this case, to demonstrate on appeal that the Commission's rulings constituted reversible error. Burke v. Catawba Hosp., 59 Va. App. 828, 838 (2012). "[W]e do not retry the facts before the Commission nor do we review the weight, preponderance of the evidence, or the credibility of witnesses." Jeffreys, 297 Va. at 87 (quoting Caskey, 225 Va. at 411).

Entitlement to benefits for an injury under the Workers' Compensation Act requires proof, by a preponderance of the evidence, of an "injury by accident arising out of and in the course of the employment." Code § 65.2-101. "In assessing the Commission's determination regarding whether an injury arose 'out of' one's employment, the appellate court faces a mixed question of law and fact." O'Donoghue v. United Cont'l Holdings, Inc., 70 Va. App. 95, 103 (2019). "The Court reviews the legal component of that determination *de novo*." Id. "However, when the Commission makes factual findings based on credible evidence in the record and 'reasonable inferences' drawn from that evidence, those findings are 'conclusive and binding.'" Id. (quoting Virginia Tree Harvesters v. Shelton, 62 Va. App. 524, 532-33 (2013)).

"The 'arising out of' prong of the statutory test is 'to be liberally construed to carry out the humane and beneficent purpose of' the Act." Id. at 103-04 (footnote omitted) (quoting Lucas v. Lucas, 212 Va. 561, 562-63 (1972)). "An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed." King v. DTH Contract Services Inc., 69 Va. App. 703, 713 (2019) (quoting City of Richmond v. Braxton, 230 Va. 161, 164 (1985)). "Virginia follows the

'actual risk' doctrine which 'excludes "an injury which comes from a hazard to which the employee would have been equally exposed apart from the employment."'" Id. (quoting Bernard v. Carlson Companies-TGIF, 60 Va. App. 400, 405 (2012)). "Thus, if an injury 'cannot fairly be traced to the employment as a contributing proximate cause,' the injury is not compensable because it did not 'arise out of the claimant's employment.'" Id. (quoting Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 477-78 (2006)). "[A] 'critical link' must exist between the conditions of the workplace and the injury in order for the injury to qualify as 'arising out of' the employment." PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221 (1996) (quoting Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380 (1991)).

Under the circumstances of this particular incident and under the mixed standard of review we must apply, we affirm the Commission's conclusion that appellant failed to prove by a preponderance of the evidence that her injuries arose out of her employment. The Commission found that there was insufficient evidence to show that "the uneven area of the sidewalk caused [appellant] to trip and fall." The Commission also found that, based upon its view of the photographs, the sidewalk contained an area that appeared to be "uneven, especially on the right side" of the photograph. The Commission further found that appellant's testimony reflected that she did not know whether she tripped and fell as a result of the uneven surface because she admitted that she was not aware of the uneven area of the sidewalk until someone told her about it after she fell. Indeed, appellant testified, "I didn't even see a crack in the sidewalk, I just knew I tripped. I was advised after that there was a crack in the sidewalk[.]" She also stated, "All I can say is I tripped on the sidewalk, I can't say that it was the actual crack that caused me to fall." The Commission held that "[t]he mere existence of the uneven area does not preponderate to show its causal relationship to the accident."

[A]n injury does not arise out of the employment "merely because it occurred during the performance of some employment

- 5 -

> duty if the act performed by the employee is not a causative hazard of the employment. Simple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment."

Haley v. Springs Global U.S., Inc., 54 Va. App. 607, 613 (2009) (quoting Southside Virginia Training Ctr./Commonwealth v. Ellis, 33 Va. App. 824, 829 (2000)). Further, the Supreme Court has held that where an employee surmised that a floor "might have been slippery from some unknown cause" and caused her injury, the employee's surmise was insufficient "to establish a causal connection between the claimant's work environment and her injury[.]" Cent. State Hosp. v. Wiggers, 230 Va. 157, 159 (1985). Here, the Commission's factual findings are supported by credible evidence. Because the Commission's conclusion is supported by credible evidence, we cannot say it is plainly wrong as a matter of law. See Caskey, 225 Va. at 412. Further, the evidence presented failed to prove by a preponderance that the uneven surface of the sidewalk caused appellant to fall. Without more, this evidence falls short of appellant's statutory burden of providing the "critical link" between her employment and the resulting injuries.

We have reviewed the record and the Commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the Commission in its final opinion. See Choinski v. Virginia State University, VA00001468092 (Va. Workers' Comp. Comm'n Nov. 5, 2019). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.

- 6 -